JOSEPH J. ELY, PROSECUTOR, v. BOROUGH OF HIGHTS-TOWN ET AL:, DEFENDANTS.

Decided July 2, 1923.

**Zoning Districts—Reservation of Discretionary Power of Council on Ground of Public Necessity not Warranted by Statute.**

On *certiorari*.

Before Justices TRENCHARD, PARKER and BERGEN.

For the prosecutor, *Harry Heher*.

For the defendant, *Theodore Backes*.

PER CURIAM.

The defendant has adopted a zoning ordinance, and divided the borough into zones, one of which, called "commercial district," is designated to be used for the conduct of business, and also for all "uses allowed by permit as hereinafter provided, or not specifically prohibited herein." Among the

prohibited uses are public garages, except by special permit "as hereinafter provided." It further declares that "no public garage shall be located in the commercial district unless public necessity therefor is made apparent to the common council, and permission is granted by the common council for said garage." One of defendants, Ellis Cottrell, is the owner of land within the commercial district and applied to the common council for permit to build a public garage in that district, and the council, after reciting that it had been made apparent to it that there is a public necessity for the garage applied for, resolved that such permission be granted to Cottrell and that the building inspector issue the permit, which he did. Thereupon the prosecutor, a person entitled to prosecute it, was allowed a writ of *certiorari* to review the legality of the resolution.

The prosecutor urges (1) that the council was without power to adopt the resolution, because under it a special privilege is conferred, and that the power to so discriminate between citizens was not delegated by the legislature to the municipality as it would permit the council to exercise arbitrary discriminations; that the statute only delegates power to regulate and restrict the location of trades and buildings designed for specific use in a designated area created and defined; that they may by ordinance regulate the uses of buildings in each district, but all regulations for each district must be uniform in their application. That is, having created a district, its regulations must be uniform, and that no one person can be given a privilege not enjoyed by all. In our opinion the reservation in the ordinance of a discretionary power to be exercised for or against special owners of land within the commercial district upon the ground of public necessity, as determined by the common council, is not warranted by the statute providing for zoning districts. *Keavey v. Randall,* 1 *N. J. Mis. R.* 312. The question of notice argued is not pertinent, as the statute, in that particular, refers only to the action of the board of appeals, and not to the action of the common council. The resolution will be set aside, with costs.